1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RODNEY NAPIER,

11              Petitioner,              No. 2:12-cv-01521 JAM DAD P

12       vs.

13   GARY SWARTHOUT,                     FINDINGS AND RECOMMENDATIONS

14              Respondent.

15   _____/

16              Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Therein petitioner challenges his 2009 prison disciplinary

18   conviction for possession of a cellular phone.  Before the court is respondent's motion to dismiss

19   the pending petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.  Petitioner has

20   filed an opposition and respondent has filed a reply.

21                              **BACKGROUND**

22              This habeas action was originally filed by petitioner in the U.S. District Court for

23   the Northern District of California and was transferred to this court, where venue was proper, on

24   June 6, 2012.

25   /////

26   /////

1

1    Petitioner is serving an indeterminate sentence of life imprisonment with the

2  possibility of parole after having been convicted of kidnaping for robbery.  (Mot. to Dismiss,

3  Mem. P&A (Doc. No. 17) at 2.)

4    In July of 2009, petitioner was transferred from Avenal State Prison to California

5  State Prison - Solano (CSP-Solano).  (Pet'r's Suppl. to Pet. (Doc. No. 2) at 3.)

6    On July 28, 2009, the Receiving and Release (R&R) officer at CSP-Solano was

7  conducting an inventory of petitioner's property and discovered a cell phone and charger "in a

8  cut out portion of a stack of blank 602 forms."  (Id. at 3.  See also Doc. No. 17 at 17.)  Petitioner

9  was issued a prison rules violation report for possession of a cell phone.

10    On June 20, 2009, a disciplinary hearing was held and petitioner was found guilty

11  of the prison rules violation.  (Doc. No. 17 at 17-19; Doc. No. 2-1 at 2-4.)  Petitioner submitted

12  an inmate appeal following his disciplinary conviction and ,on December 8, 2009, at the second-

13  level of review, petitioner's appeal was granted in part because petitioner had not been provided

14  an opportunity to view the evidence or a photograph of the evidence against him.  (Doc. No. 2-1

15  at 13; Doc. No. 17 at 28.)  The rules violation report for possession of a cell phone was re-issued

16  against petitioner on January 5, 2010.  (Id.)

17    On January 27, 2010, a second disciplinary hearing was held and petitioner was

18  again found guilty of possession of a cell phone.  (Doc. No. 17 at 28-30.)  Following that

19  disciplinary conviction, petitioner again filed a successful inmate appeal which resulted in the re-

20  issue of the rules violation charge against him on June 3, 2010.  (Id. at 44.)

21    On June 28, 2010, a third disciplinary hearing was held on the possession of a cell

22  phone charge.[1]  (Doc. No. 17 at 44-46.)  At that time, petitioner again requested to see

23  photographs of the evidence against him.  In this regard, the hearing officer noted:

24  /////

---

25

26    [1]  The record before this court is not clear what error resulted in the granting of
petitioner's second appeal and caused the holding of this third hearing.

The subject requested to see photographs of the evidence.  The SHO was unable to obtain photo's [sic] of the cell phone or the specific cell phone for the subject to review for the following reasons:  (1) CSP-Solano was not under the specific requirement to take photographs or physically obtain the contraband prior to the hearing.  (2) The specific cell phone, along with countless others, have been donated to charity.  However, I was able to determine, as the Reporting Employee states in her report, that the specific cell phone was placed into the evidence locker.  The[n] removed and placed into Security & Investigations Locker for safe keeping until it was subsequently donated to charity.  [sic]  This allowed the SHO to come to the determination of guilty as he did in this case, based on the fact that the Reporting Employee opened and sealed property box in the presence of the subject and subsequently found the contraband cell phone.

(Id. at 45.)

Petitioner also requested the testimony of witness Castro at his third disciplinary hearing.  That request was granted by the hearing officer, however, witness Cato was subsequently determined to be unavailable:

The SHO contacted Avenal State Prison and was informed that C/O Castro retired from the Department of Corrections on 05-31-10.  Therefore he was unable to attend this hearing via telephone.

(Id., "Witnesses" at 46.)

At his third disciplinary hearing petitioner was again found guilty of the rules violation charge of possession of a cell phone and was assessed 30-days loss of time credits.  (Id. at 45.)

In his federal habeas petition pending before this court, petitioner claims that his due process rights were violated at his prison disciplinary hearing:  (1) when correctional officer Castro, who packed and inventoried petitioner's property at Avenal State Prison for transport to CSP-Solano, was not made available to testify by telephone; and (2) when neither the contraband cell phone or a photograph of the cell phone was produced at the hearing.  (Doc. No. 2 at 3-4.)

/////

/////

/////

3

**PARTIES' ARGUMENTS**

**I. Respondent's Motion to Dismiss**

In moving to dismiss the pending petition respondent argues that in his petition petitioner does not challenge the duration of his confinement because he is serving an indeterminate term and is eligible for parole only if he is found suitable by the Parole Board. (Doc. No. 17 at 4.)  Even if petitioner is successful in collaterally attacking his disciplinary conviction in these habeas proceedings, respondent contends, the Parole Board could still deny petitioner release on parole on the basis of any of the other available grounds for evaluating his suitability for release on parole.  (Id.)

Alternatively, respondent argues that petitioner has failed to state a cognizable claim for federal habeas relief based upon an alleged due process violation because he is not eligible to earn time credits that may accelerate his release from prison.  (Id. at 5.)  Because petitioner will not lose time credits, respondent argues that the due process protections set forth in Wolff v. McDonnell, 418 U.S. 539 (1974) do not apply to him. (Id.) Moreover, respondent contends that there is no clearly established federal law that provides due process protections with respect to prison disciplinary convictions where the petitioner in question suffers no actual time credit loss as a result of the disciplinary conviction.  (Id.)  Respondent therefore concludes that petitioner's claim is both barred by the AEDPA and fails to state a cognizable claim for habeas relief in any event.  (Id.)

**II. Petitioner's Opposition**

In opposition to the motion to dismiss, petitioner argues only the merits of his underlying claims.  He asserts that there was an unreasonable determination of the facts by the state court in denying him habeas relief because he provided the state court with "unrebutted evidence" that neither the contraband cell phone nor a photograph of that cell phone were ever produced at his prison disciplinary hearing.  (Opp'n (Doc. No. 20) at 2.)  In addition, petitioner argues that his "unrebutted evidence" shows that at his disciplinary hearing he was prevented

4

1   from presenting the testimony of the correctional officer who packed and sealed petitioner's

2   property at Avenal State Prison who could have testified that petitioner had no contact with his

3   property after the correctional officer searched. packed and sealed it for delivery to CSP-Solano.

4   (Id. at 3.)  Thus, petitioner argues that his due process rights were violated because he did not

5   have "a meaningful opportunity to be heard in a meaningful manner[.]"  (Id.)

6         Petitioner acknowledges that he is serving an indeterminate sentence of life with

7   the possibility of parole.  (Id. at 5.)  Petitioner emphasizes, however, that he is eligible for release

8   on parole although the Board of Parole Hearings has not yet found him suitable for release.  (Id.)

9   Petitioner notes that the Board may deny parole suitability based on prison disciplinary

10   conviction for possession of contraband and delay further parole consideration for between 3 and

11   15 years based upon such a disciplinary conviction.  (Id.)  Finally, petitioner represents that he

12   was denied release on parole by the Board based on the disciplinary conviction challenged herein

13   and was instructed that if he obtained habeas relief with respect to that disciplinary conviction he

14   could apply to have his next suitability hearing advanced.  (Id.)

15 **III.  Respondent's Reply**

16         Respondent contends that this court lacks habeas jurisdiction because petitioner's

17   claim that the challenged prison disciplinary conviction will impact the duration of his

18   confinement is speculative.  (Resp't Reply (Doc. No. 21) at 2.)  Citing the decision in Ramirez v.

19   Galaza, 334 F. 3d 850, 859 (9th Cir. 2003), respondent argues that even if the disciplinary

20   conviction at issue was overturned, the Board could still deny petitioner parole on any of the

21   other grounds presently available.  (Id.)  Respondent also argues that although petitioner has

22   alleged that this disciplinary conviction for possession of contraband impacted the Board's

23   decision at his recent parole suitability hearing, he has not attached any evidence to support his

24   allegation in this regard and therefor has failed to meet his burden of proof.  (Id.)

25         Respondent also argues that petitioner cannot meet his burden under AEDPA to

26   show that the state courts unreasonably applied clearly established federal law in denying him

1   habeas relief.  (<u>Id.</u>)  Respondent asserts that because petitioner is serving an indeterminate life

2   sentence and is not eligible to earn time credits, the challenged disciplinary conviction did not

3   deprive him of credits that could reduce his sentence.  (<u>Id.</u>)  Respondent contends that there is no

4   Supreme Court authority holding that a prisoner has a liberty interest worthy of due process

5   protection where he suffers a prison disciplinary conviction that does not involve the loss of time

6   credits.  (<u>Id.</u>)  According to respondent, since there is no such clearly established federal law this

7   court is barred from granting federal habeas relief.  (<u>Id.</u> at 2-3.)

8            Next, respondent argues that the due process protections afforded by the decision

9   in <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974) do not apply where a prisoner suffers no loss of

10  time credits.  (<u>Id.</u> at 3.)  Respondent asserts that what Supreme Court authority touches on this

11  subject, suggests that the mere possibility that a prison disciplinary conviction may have an

12  impact on a future parole suitability decision does not give rise to a liberty interest worthy of due

13  process protections.  (<u>Id.</u>)

14           Lastly, respondent contends that petitioner's claim that there was an unreasonable

15  determination of the facts by the state court in denying him habeas relief is unpersuasive because

16  the state court's adjudication of his claim did not turn on any factual findings but on the

17  application of law to the facts established by the record.  (<u>Id.</u> at 4.)  Furthermore, according to

18  respondent petitioner has not pointed out any erroneous factual finding but instead has merely

19  expressed his disagreement s with the weight prison officials accorded to the evidence presented

20  at his disciplinary hearing.  (<u>Id.</u>)

21                                    **ANALYSIS**

22  **I.  Legal Standards Applicable to Motions to Dismiss Habeas Actions**

23           Respondent's pending motion to dismiss is brought pursuant to Rule 4 of the

24  Rules Governing § 2254 Cases which provides, "[i]f it plainly appears from the face of the

25  petition . . . that the petitioner is not entitled to relief in the district court, the

26  judge shall make an order for its summary dismissal . . . ."

A federal writ of habeas corpus is available under 28 U.S.C. § 2254 "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). However, "habeas corpus relief is not limited to immediate release from illegal custody, but . . . is available as well to attack future confinement and obtain future releases." Id. at 487-88 ("So, even if restoration of . . . [the prisoners'] good-time credits had merely shortened the length of their confinement, rather than required immediate discharge from that confinement, their suits would still have been within the core of habeas corpus in attacking the duration of their physical confinement itself."). See also Rose v. Morris, 619 F.2d 42, 43 (9th Cir. 1980).

**II. Impact of Prison Disciplinary on Duration of Confinement**

Respondent argues that petitioner does not challenge the fact or duration of his confinement because although he was assessed 30-days loss of time credits as a result of the challenged disciplinary conviction, the credit loss will not lengthen the duration of his confinement since he can only be released from custody if he is found suitable for parole by the Board. Petitioner, on the other hand, contends that the Board has already denied his release on parole specifically because of the challenged prison disciplinary conviction.

In considering suitability for parole, the Board is required to consider "all relevant, reliable information available," including "behavior before, during, and after the crime[.]" Cal. Code Regs. tit. 15, § 2402(a) & (b). Circumstances tending to show unsuitability for parole include whether "[t]he prisoner has engaged in serious misconduct in prison or jail." Id. at § 2402(c)(6). Institutional behavior is given additional consideration among the circumstances tending to show suitability for parole because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release." Id. at § 2402(d)(9).

7

1      The Ninth Circuit has held that federal habeas jurisdiction exists where the

2  expungement of a challenged prison disciplinary record  is "'likely to accelerate the prisoner's

3  eligibility for parole.'"  Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir. 2003) (quoting Bostic v.

4  Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)).  See also Docken v. Chase, 393 F.3d 1024, 1031

5  (9th Cir. 2004) ("[T]he potential relationship between [petitioner's] claim and the duration of his

6  confinement is undeniable.  In such a case, we are reluctant to unnecessarily constrain our

7  jurisdiction to entertain habeas petitions absent clear indicia of congressional intent to do so.");

8  Martin v. Tilton, No. 08-55392, 430 Fed. Appx. 590, 591 (9th Cir. April 29, 2011) ("Even

9  though Martin did not forfeit any work-time credits as a result of the disciplinary finding, we

10  have jurisdiction because the Board of Parole will consider the charge [mutual combat without

11  serious injury] when it evaluates Martin's eligibility for parole.")[2]; Dunn v. Swarthout, No. 2:11-

12  cv-2731 JAM GGH P, 2012 WL 3143889, at *3 (E.D. Cal. Aug. 1, 2012) ("It is at least 'likely

13  that expungement of the disciplinary finding could accelerate petitioner's eligibility for parole at

14  any future parole hearing."), report and recommendations adopted by 2012 WL 4468589 (E.D.

15  Cal. Sept. 26, 2012); Birdwell v. Martel, No. CIV S-10-2523 LKK EFB P, 2012 WL 761914

16  (E.D. Cal. Mar. 7, 1012) (concluding that based on the decisions in Bostic and Docken, habeas

17  jurisdiction existed over petitioner's habeas petition challenging his disciplinary conviction with

18  no time credit loss because expungement could potentially accelerate his release on parole),

19  report and recommendation adopted by 2012 WL 1131540 (E. D. Cal. Mar. 30, 2012); Avina v.

20  Adams, No. 1:10-cv-00790 AWI MJS HC, 2011 WL 6752407, at *18 (E.D. Cal. Dec. 23, 2011)

21  ("The Board explicitly relied on petitioner's disciplinary findings as one of many reasons in

22  denying him parole.  Thus, it is at least 'likely' that expungement of the disciplinary finding

23  could accelerate petitioner's eligibility for parole."), report and recommendation adopted by 2012

24  WL 1130610 (E.D. Cal. Mar. 30, 2012); Nguon v. Walker, No. CIV S-10-0704 FCD DAD P,

25
        [2]  Citation to this unpublished Ninth Circuit opinion issued after January 1, 2007 is
26  appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  2011 WL 3501011, at *7 (E.D. Cal. Aug. 8, 2011) ("Expungement of a disciplinary conviction

2  from an inmate's record is likely to accelerate his eligibility for parole and could potentially

3  affect the duration of his confinement."); Rodriquez v. Swarthout, No. 2:10-cv-1226 GEB KJN

4  P, 2011 WL 23126, at *2 (E.D. Cal. Jan. 4, 2011) (reversal or expungement of the rules violation

5  conviction in question was likely to accelerate petitioner's eligibility for parole particularly where

6  in denying parole the Board specifically warned petitioner that he should become disciplinary

7  free), report and recommendation adopted by 2011 WL 1899799 (E.D. Cal. May 19, 2011);

8  Maxwell v. Neotti, No. 09cv2660-L (BLM), 2010 WL 3338806, at *6 (S.D. Cal. July 15, 2010)

9  (concluding that habeas relief could be pursued where the petitioner sought expungement of a

10  disciplinary conviction that was likely to effect parole consideration under state law), report and

11  recommendation adopted by 2010 WL 3338803 (S.D. Cal. Aug. 24, 2010); Drake v. Felker, No.

12  2:07-cv-00577(JKS), 2007 WL 4404432, at *2 (E.D. Cal. Dec. 13, 2007) (concluding that a

13  habeas action was cognizable to challenge a prison disciplinary conviction for battery on a peace

14  officer because it "will almost certainly come back to haunt . . . .[petitioner] when the parole

15  board reviews his suitability for parole.").[3]

16        Here, the undersigned finds respondent's contention that the vacating of the prison

17  disciplinary conviction petitioner seeks is not likely to effect his eligibility for release on parole

18  

19      [3] As has been noted by other courts, "there has been inconsistency inasmuch as some
district courts have found no habeas jurisdiction in this context." Dunn v. Swarthout, No. 2:11-

20  cv-2731 JAM GGH P, 2012 WL 3143889, at *3 (E.D. Cal. Aug. 1, 2012), report and
recommendations adopted by 2012 WL 4468589 (E.D. Cal. Sept. 26, 2012). See also Avina v.

21  Adams, No. 1:10-cv-00790 AWI MJS HC, 2011 WL 6752407, at *9-10 (E.D. Cal. Dec. 23,
2011) (noting divergence of views), report and recommendation adopted by 2012 WL 1130610

22  (E.D. Cal. March 30, 2012); Nguon v. Walker, No. CIV S-10-0704 FCD DAD P, 2011 WL
3501011, at *8, n.4 (E.D. Cal. Aug. 8, 2011) (observing that under some circumstances the

23  impact of a challenged disciplinary conviction upon future parole suitability consideration "is
simply too speculative to base federal habeas jurisdiction upon.")  In this case, however, the

24  impact of the challenged prison rules violation on the parole suitability determination with
respect to petitioner is clearly not speculative.  In his habeas petition pending before this court

25  petitioner has alleged, under penalty of perjury, that at his 2011 parole suitability hearing, the
disciplinary conviction challenged here was specifically relied upon by the Board in finding him

26  unsuitable for parole.  (See Doc. No. 2 at 2, 9.)

1   to be unpersuasive.  This court has reviewed transcripts of numerous California parole suitability

2   hearings at which the Board denies inmates parole due, at least in part, to the presence of one or

3   more prison disciplinary convictions in their record.  Moreover, in denying parole the Board

4   panels regularly advise inmates to become or remain disciplinary free pending their next parole

5   suitability hearing.

6           Moreover, here petitioner's prison disciplinary conviction and the alleged

7   misconduct from which it stemmed is the type of relevant information that the Board is to

8   consider because it reflects on a prisoner's behavior "after the crime" and is a possible indicator

9   that the prisoner is unable or unwilling to comply with society's rules.  See Cal. Code Regs. tit.

10  15, § 2402.  Accordingly, expungement of petitioner's disciplinary conviction, if warranted, is

11  both "likely" to accelerate his eligibility for parole," Bostic, 884 F.2d at 1269, and "could

12  potentially affect the duration of [his] confinement."  Docken, 393 F.3d at 1031.

13          Therefore, respondent's motion to dismiss the petition for lack of court

14  jurisdiction should be denied.

15  **III. Petitioner's Due Process Claim**

16          Respondent also advances the unique argument that petitioner has failed to state a

17  cognizable due process claim.  In this regard, respondent argues that there is no clearly

18  established federal law requiring that the due process protections outlined in Wolff v. McDonnell

19  be afforded in prison disciplinary proceedings where, because of the sentence the prisoner is

20  serving, no actual loss of time credits will result.

21          Above the court has concluded that petitioner may proceed with this habeas action

22  because the expungement of the challenged disciplinary conviction is likely to accelerate his

23  eligibility for release on parole.  Having made that determination it would be untenable for the

24  court to conclude that petitioner was not entitled to due process protections at his disciplinary

25  hearing.  See Wolff, 418 U.S. at 555-56 ("Petitioners [prison officials] assert that the procedure

26  for disciplining prison inmates for serious misconduct is a matter of policy raising no

constitutional issue.  If the position implies that prisoners in state institutions are wholly without

the protections of the Constitution and the Due Process Clause, it is plainly untenable.").

Moreover, the court notes that petitioner was in fact assessed a 30-day loss of time credits as a

result of the disciplinary conviction he seeks to challenge here.  The fact that the loss of time

credits imposed by prison officials may not have had a direct practical impact on the duration of

petitioner's confinement is too slender a reed to support respondent's contention that no clearly

established federal law requires that any due process be provided in connection with disciplinary

proceedings under such circumstances.  Finally, the Supreme Court long ago held that "[w]here a

prison disciplinary hearing may result in the loss of good time credits" the limited due process

rights identified in Wolff must be accorded to the prisoner.  Superintendent v. Hill, 472 U.S. 445,

454 (1985) (citing Wolff, 418 U.S. at 563-67).  The holdings in Wolff and Hill suffice as clearly

established federal law for this purpose.

Therefore, respondent's motion to dismiss based upon the argument that petitioner

has failed to state a cognizable due process claim should be denied as well.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1.  Respondent's September 26, 2012 motion to dismiss (Doc. No. 17) be denied; and

2.  Respondent be ordered to file and serve an answer within thirty days and that petitioner be ordered to file and serve a traverse thirty days thereafter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: June 12, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:4
   nap1521.mtd

12