UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY NAPIER,<br><br>        Petitioner,<br><br>    v.<br><br>GARY SWARTHOUT,<br><br>        Respondent. | No.  2:12-CV-1521 JAM DAD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Therein, petitioner challenges his 2009 prison disciplinary conviction for possession of a cellular phone.  He seeks federal habeas relief on the grounds that: (1) his due process rights were violated at his prison disciplinary hearing and (2) prison officials violated state law in failing to process his administrative appeal.  Upon careful consideration of the record and the applicable law, the undersigned will recommend that petitioner's application for habeas corpus relief be denied.

**I. Background**

Petitioner is serving an indeterminate sentence of life imprisonment with the possibility of parole after having been convicted of kidnaping for robbery.  (ECF No. 17 at 2.)  In July, 2009, petitioner was transferred from Avenal State Prison to California State Prison - Solano (CSP-Solano).  (ECF No. 2 at 3.)  On July 28, 2009, the Receiving and Release (R&R) officer at CSP-

1

1    Solano was conducting an inventory of petitioner's property and discovered a cell phone and

2    charger "in a cut out portion of a stack of blank 602 forms." (Id.) (See also ECF No. 17 at 17.)

3    As a result, petitioner was issued a prison rules violation report for possession of a cell phone.

4          On June 20, 2009, a disciplinary hearing was held and petitioner was found guilty of the

5    charged prison rules violation. (ECF No. 17 at 17-19; ECF No. 2-1 at 2-4.) Petitioner submitted

6    an inmate appeal following his disciplinary conviction and, on December 8, 2009, at the second-

7    level of review, petitioner's appeal was granted in part because it was found that he had not been

8    provided an opportunity to view the evidence or a photograph of the evidence against him, and

9    had been denied the opportunity to call witnesses at his disciplinary hearing. (ECF No. 2-1 at 13;

10   ECF No. 17 at 28.) The second level review decision stated, in relevant part:

11            The Second Level of Review (SLR) finds that the appellant has provided sufficient evidence to warrant re-issuance/rehearing of the RVR and insufficient evidence to warrant removal of same from his Central File. Appellant's contention that his witnesses were denied by the SHO has some merit. Appellant was assigned an Investigative Employee (IE), and the IE Report notes appellant requested the RE and the IE to be present at the hearing. Additionally, during the hearing the appellant stated, "The cell phone is not mine. I need to talk to the people at Avenal, because when I left Avenal that phone was not in my property." This statement refers to potential witnesses and the appellant should have been questioned as to the names of the potential witnesses. The SHO did not document that the appellant was asked to name "the people at Avenal" or provide a reason for denial of additional witnesses. Furthermore, the SLR determined that the appellant's due process rights were violated during the disciplinary process. At no time was the appellant provided a photograph of the evidence (Cell Phone) or given the opportunity to review the evidence at least 24 hours prior to the hearing. The SLR will prepare a **Modification Order** with instruction for the Chief Disciplinary Officer (CDO) to order re-issuance/rehearing of RVR, #S3-09-08-0467, and ensure that appellant is provided an opportunity to review the evidence at least 24 hours prior to the hearing or document that the appellant waived the 24 hours. Also, the SHO shall document denial of witnesses if witnesses are denied during the hearing. Appellant's request for dismissal of the RVR and removal of same from his Central File is **denied.**

25   (ECF No. 2-1 at 12.) The prison rules violation report for possession of a cell phone was then re-

26   issued against petitioner on January 5, 2010. (ECF No. 2-1 at 13; ECF No. 17 at 28.)

27         On January 27, 2010, a second disciplinary hearing was held and petitioner was again

28   found guilty of possession of a cell phone. (ECF No. 17 at 28-30.) Following that prison

disciplinary conviction, petitioner again filed a successful inmate appeal which once again resulted in the re-issuance of the rules violation charge against him on June 3, 2010. (Id. at 44.) The second administrative appeal decision included the following admonishment:

> The SHO shall ensure appellant is issued all required documents at least 24-hours before the hearing or document that the appellant waived the 24-hours. The SHO shall also ensure appellant is allowed to view the Cell Phone or review a copy of the photographic evidence of the Cell Phone at least 24-hours prior to the hearing or document that he waived the 24-hours. If the photographic evidence of the Cell Phone is not available, the SHO shall document the reason(s) for unavailability.

(ECF No. 2-1 at 28.)

On June 28, 2010, a third disciplinary hearing was held on the same prison rule violation charge of possession of a cell phone. (ECF No. 17 at 44-46.) Correctional Officer (C/O) Johnson-Robinson wrote the Rules violation report (RVR) upon which petitioner's disciplinary hearing was based. (Id. at 44.) In that RVR she alleged as follows:

> Pursuant to Second Level Appeal response and California Code of Regulations, Title 15, Section 84.5(h)(2)(A)(3), the Chief Disciplinary Officer shall order re-issuance/rehearing of CDC-115, dated January 5, 2010, #S3-09-08-02457R. On June 2, 2010, a Modification Order was issued in pursuant of [sic] RVR Log #S3-09-08-0247R. Appellant shall be allowed to review all documentary evidence at least 24-hours before the disciplinary hearing or the Senior Hearing Officer shall document that appellant waived the 24-hour period.
>
> On 07-28-09, at approximately 1130 hours, while issuing Inmate NAPIER (C-30450, 13-G-6-U) his personal property, I discovered one (1) Motorola Razor cell phone, in a cut out portion of a stack of blank 602 forms. Also discovered was a cell phone charger. Inmate NAPIER stated, "It's mine but could you please Ms. Johnson please throw away." I informed Inmate NAPIER he would be receiving a 115. I completed my search of Inmate NAPIER's property with negative results of any additional contraband. Utilizing white correction tape, I marked the evidence with Inmate NAPIER's name and CDC #, along with my initials and today's date. I placed the contraband in evidence locker #100. Inmate Napier is NOT a participant in the Mental Health Services Delivery System (MSDS), and he is NOT in the Disability Placement Program (DPP)/Developmental Disabilities Program (DDP).

(Id.)

/////

Petitioner received a copy of that RVR at least 24 hours in advance of the third disciplinary hearing. (Id. at 46.) Petitioner did not raise any objections to proceeding with the disciplinary hearing and acknowledged he was in good health. (Id.) A staff assistant was not assigned on the grounds that petitioner was literate and spoke fluent English and "the issues are not such that the assistance is necessary for the subject to comprehend the nature of the charge." (Id.) An investigative employee was not assigned because petitioner "allowed for the use of the previous IE report." (Id.) Petitioner denied the prison disciplinary charge against him but made "no statement" at the hearing. (Id.) Petitioner again requested to see photographs of the evidence against him. That request was denied, for the following reasons:

> The subject requested to see photographs of the evidence. The SHO was unable to obtain photo's [sic] of the cell phone or the specific cell phone for the subject to review for the following reasons: (1) CSP-Solano was not under the specific requirement to take photographs or physically obtain the contraband prior to the hearing. (2) The specific cell phone, along with countless others, have been donated to charity. However, I was able to determine, as the Reporting Employee states in her report, that the specific cell phone was placed into the evidence locker. The[n] removed and placed into Security & Investigations Locker for safe keeping until it was subsequently donated to charity. [sic] This allowed the SHO to come to the determination of guilty as he did in this case, based on the fact that the Reporting Employee opened and sealed property box in the presence of the subject and subsequently found the contraband cell phone.

(Id. at 45.)

Petitioner requested the testimony of witness Castro at the June 28, 2010 disciplinary hearing. That request was granted by the hearing officer. However, witness Castro was subsequently determined to be unavailable. Specifically,

> The SHO contacted Avenal State Prison and was informed that C/O Castro retired from the Department of Corrections on 05-31-10. Therefore he was unable to attend this hearing via telephone.

(Id., "Witnesses" at 46.)

At his third disciplinary hearing petitioner was again found guilty of the rules violation charge of possession of a cell phone and was assessed 30-days loss of time credits. (Id. at 45.) According to the report of that hearing, petitioner's disciplinary conviction was based upon the statements of C/O Johnson-Robinson contained in the RVR. (Id.)

Petitioner challenged his disciplinary conviction in a petition for writ of habeas corpus filed in the Solano County Superior Court. (ECF No. 26-1 at 2-73.) Therein, petitioner claimed that "he should not have been found guilty of possessing a cell phone, and he was denied his due process rights at his third rules violation report (RVR) hearing because he was not allowed to review a photograph of the phone or see the phone twenty-four hours prior to the hearing." (Id. at 74.) The Solano County Superior Court found that petitioner had failed to exhaust his administrative remedies with respect to his claim for relief. The court also rejected petitioner's claims on the merits, reasoning as follows:

> The decision of the hearing officer is supported by some evidence in the record. (Superintendent v. Hill (1985) 472 U.S. 445, 447; In re Zepeda (2006) 141 Cal.App.4th 1493, 1497.) In this case, Petitioner had been transferred to CSP Solano. Officer Johnson-Robinson opened a sealed box that contained Petitioner's possessions to inspect the contents and found a cell phone. According to the officer, Petitioner was present at the time the phone was discovered and admitted it was his. This is some evidence to support the finding of guilt. (People v. Lucky, (1988) 45 Cal.3d 259, 291-92; Zepeda, 141 Cal.App.4th at p. 1499.) To satisfy procedural due process, there must be "some evidence" in the record to support prison disciplinary decisions that revoke inmate time credits. (Hill, 472 U.S. at p. 447; Zepeda, 141 Cal.App.4th at p. 1497.) In reviewing disciplinary decisions, courts do not examine the entire record, evaluate the credibility of witnesses, or reweigh the evidence. (Hill, 472 U.S. at p. 455.)
>
> Petitioner fails to demonstrate that prison officials had a duty to produce the seized contraband or provide pictures of it to such an extent that failing to discharge that duty amounted to a deprivation of his right to due process of law. Petitioner was present when the phone was discovered and saw it when it was lifted out of the sealed box of his belongings that it had been in. Officer Johnson-Robinson indicated that Petitioner admitted the cell phone was his. At the hearing Petitioner denied that he possessed any cell phone or charger. The hearing officer resolved this factual dispute against Petitioner. That dispute was not dependent upon what the cell phone looked like. Furthermore, at the third disciplinary hearing on June 28, 2010, the record indicates that Petitioner did not object to proceeding, not withstanding [sic] that the phone in question was no longer available for inspection. An inmate is not entitled to the full panoply of rights due a criminal defendant at a disciplinary hearing and due process only requires that the inmate be given advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, and a written statement of the reasons for the disciplinary finding. (Wolff v. McDonnell, (1974) 418 U.S. 539, 566; In re Davis (1979) 25 Cal.3d 384, 391.) These due process safeguards were adequately provided to Petitioner.

The petition for writ of habeas corpus is DENIED.

(Id. at 75-76.)

Petitioner subsequently filed a petition for writ of habeas corpus in the California Court of Appeal, which was denied "for the same reasons stated by the Superior Court." (ECF No. 26-1 at 61.) Petitioner then challenged his prison disciplinary conviction in a petition for review filed in the California Supreme Court. (ECF No. 26-2.) That petition was summarily denied. (ECF No. 26-6.)

**II. Standards of Review Applicable to Habeas Corpus Claims**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. Thompson v. Runnels, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing Greene v. Fisher, ___ U.S. ___, 132 S. Ct. 38 (2011); Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in

determining what law is clearly established and whether a state court applied that law unreasonably." Stanley, 633 F.3d at 859 (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." Marshall v. Rodgers, ___U.S.___,___,133 S. Ct. 1446, 1450 (2013) (citing Parker v. Matthews, ___U.S.___, ___132 S. Ct. 2148, 2155 (2012). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct. Id. Further, where courts of appeals have diverged in their treatment of an issue, it cannot be said that there is "clearly established Federal law" governing that issue. Carey v. Musladin, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. Price v. Vincent, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1] Lockyer v. Andrade, 538 U.S. 63, 75 (2003); Williams, 529 U.S. at 413; Chia v. Cambra, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 412. See also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v.

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." Stanley, 633 F.3d at 859 (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

7

Richter, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. Delgadillo v. Woodford, 527 F.3d 919, 925 (9th Cir. 2008); see also Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, ___ U.S. ___, ___, 133 S. Ct. 1088, 1091 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine

whether habeas corpus relief is available under § 2254(d). Stanley, 633 F.3d at 860; Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784.

A summary denial is presumed to be a denial on the merits of the petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze what the state court actually did when it issued a summary denial, it must review the state court record to determine whether there was any "reasonable basis for the state court to deny relief." Richter, 131 S. Ct. at 784. This court "must determine what arguments or theories . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." Id. at 786. The petitioner bears "the burden to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" Walker v. Martel, 709 F.3d 925, 939 (9th Cir. 2013) (quoting Richter, 131 S. Ct. at 784).

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. Stanley, 633 F.3d at 860; Reynoso v. Giurbino, 462 F.3d 1099, 1109 (9th Cir. 2006); Nulph v. Cook, 333 F.3d 1052, 1056 (9th Cir. 2003).

**III. Petitioner's Claims**

    **A. Due Process**

Petitioner claims that prison officials violated his right to due process when correctional officer Castro, who packed and inventoried petitioner's property at Avenal State Prison for transport to CSP-Solano, was not made available to testify by telephone at petitioner's disciplinary hearing, and when neither the contraband cell phone nor a photograph thereof was produced at his disciplinary hearing. (ECF No. 2 at 1.)

/////

Petitioner contends that C/O Castro would have testified that: (1) "after inventoring [sic] and inspecting petitioner had no access to his property until he got to CSP-Solano;" and (2) "inmates working in Avenal State Prison's receiving and release were later disciplined for moving cellphones through the prison." (Id. at 5-6.) Petitioner states that he asked prison officials to obtain C/O Castro's home telephone number so his testimony could be presented at his June 28, 2010 disciplinary hearing. (Id. at 6.) He claims that prison officials' failure to do so violated his federal due process right to call a "crucial" witness in support of his defense. (Id.) Petitioner argues that contacting C/O Castro at home would not be "unduly hazardous to institutional safety or correctional goals." (Id.) Petitioner also contends that production of the actual contraband cellphone was "critical" to his defense because he "wanted to pay for a fingerprint expert to determine if petitioner's fingerprints were any where [sic] on the cellphone." (Id. at 8.)

It is well established that inmates subjected to prison disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum). An inmate is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. See Wolff, 418 U.S. at 563. In the prison disciplinary hearing context, an inmate does not have a right to counsel, retained or appointed, although illiterate inmates are entitled to assistance. Id. at 570.

An inmate also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. See also Ponte v. Real, 471 U.S. 491, 495 (1985). However, as a general rule, inmates "have no constitutional right to confront and cross-examine adverse witnesses" in prison disciplinary hearings. Ponte, 471 U.S. at 510 (Marshall, J., dissenting). See also Baxter v. Palmigiano, 425 U.S. 308, 322-23 (1976)

("Mandating confrontation and cross-examination, except where prison officials can justify their denial on one or more grounds that appeals to judges, effectively preempts the area that Wolff left to the sound discretion of prison officials.")  The disciplinary hearing must be conducted by a person or body that is "sufficiently impartial to satisfy the Due Process Clause." Wolff, 418 U.S. at 571.

The decision rendered on a prison disciplinary charge must be supported by "some evidence" in the record. Hill, 472 U.S. at 455. A finding of guilt on a prison disciplinary charge cannot be "without support" or "arbitrary." Id. at 457.  However, the "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. Powell v. Gomez, 33 F.3d 39, 40 (9th Cir. 1994) (citing Hill, 472 U.S. at 455-56 and Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)). See also Burnsworth v. Gunderson, 179 F.3d 771, 773 (9th Cir. 1990); Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987). Determining whether this standard is satisfied in a particular case does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. Toussaint v. McCarthy, 801 F.2d 1080, 1105 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Indeed, in examining the record of a prison disciplinary conviction, a court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence. Hill, 472 U.S. at 455. The question is whether there is any reliable evidence in the record that could support the decision reached. Toussaint, 801 F.2d at 1105.

Where a protected liberty interest exists, the requirements imposed by the Due Process Clause are "dependent upon the particular situation being examined." Hewitt v. Helms, 459 U.S. 460, 472 (1983). The process due is such procedural protection as may be "necessary to ensure that the decision . . . is neither arbitrary nor erroneous." Washington v. Harper, 494 U.S. 210, 228 (1990). In identifying the safeguards required in the context of prison disciplinary proceedings, courts must remember "the legitimate institutional needs of assuring the safety of inmates and prisoners" and avoid "burdensome administrative requirements that might be susceptible to manipulation." Hill, 472 U.S. at 454-55. The requirements of due process in the prison context

11

involve a balancing of inmate rights and institutional security concerns, with a recognition that broad discretion must be accorded to prison officials. Wolff, 418 U.S. at 560-63; see also Baxter, 425 U.S. at 324.

In this case, petitioner was given advance written notice of the disciplinary charges brought against him. He was also provided a written statement of the evidence relied upon by prison officials and the reasons for the disciplinary action taken against him. Petitioner's request to call C/O Castro as a witness at his disciplinary hearing was granted. However, as explained above, it was thereafter determined that he was unavailable to testify at the disciplinary hearing because he had retired from CDCR sometime after the events in question.

The right to call witnesses at a disciplinary hearing is not absolute. Wolff gives prison officials flexibility to keep the hearing within reasonable limits and allows them to refuse to call witnesses when doing so would risk reprisal or undermine authority, or when the evidence would be irrelevant, unnecessary, or hazardous. Wolff, 418 U.S. at 566. "[T]he right to call witnesses [is] a limited one, available to the inmate 'when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals.'" Ponte, 471 U.S. at 499 (quoting Wolff, 418 U.S. at 566); see also Pannell v. McBride, 306 F.3d 499, 503 (7th Cir. 2002) ("[P]risoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary.") Given these limitations, the Supreme Court has observed that a constitutional challenge to a prison official's refusal to allow an inmate to call witnesses may "rarely, if ever, be successful." Ponte, 471 U.S. at 499. Nevertheless, when prison officials refuse to call witnesses requested by a prisoner at a disciplinary hearing, they must explain their reasons, either as part of the administrative record or by later testimony in court. Id. at 497.

In the instant case, prison officials explained that C/O Castro did not testify at petitioner's third disciplinary hearing because he was no longer at the prison. Petitioner has not cited a case, and this court has found none, holding that prison officials violate an inmate's right to due process if they fail to take steps to require a retired employee to testify as a witness at a prison disciplinary hearing. See Aguilar v. Endicott, No. 07-1039, 224 Fed. Appx. 526, 528 (7th Cir. 2007) (rejecting a similar due process claim based upon the absence of witnesses as a prison

disciplinary hearing where "the state court found, the proposed witnesses who could testify about the fight were no longer employed by the Oklahoma facility (it had closed) . . . .")

Even assuming, arguendo, that the failure to produce C/O Castro to testify at petitioner's disciplinary hearing constituted error, it was harmless error. In this regard, petitioner represents that C/O Castro would have testified that petitioner had no access to his property after it was packed up for shipment to CSP-Solano, and that "inmates working in Avenal State Prison's receiving and release were later disciplined for moving cellphones through the prison." (ECF No. 2 at 5-6.) This proffered testimony, if indeed C/O Castro would have so testified, is irrelevant to the issue of whether the contraband cell phone was hidden in petitioner's possessions at the time they were packed at Avenal State Prison, or whether petitioner admitted to C/O Johnson-Robinson that the cell phone was his. See Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003) (failure to call reporting officer as witness at disciplinary hearing was harmless when inmate did not indicate what the officer's testimony would have been or how it would have aided his defense, and inmate had no constitutional right to cross-examine the officer regarding the basis for his report); see also Graves v. Knowles, No. 06-15477, 231 Fed. Appx. 670, 672 (9th Cir. 2007)[2] (hearing officer's refusal to call witnesses at disciplinary hearing did not violate due process when their testimony was either irrelevant or would not have supported the inmate's defense; moreover, given the evidence against inmate, any error in calling witness was harmless); Baird v. Cate, No. CV 12-5377 GAF (AN), 2012 WL 3283424, at *8 (C.D. Cal. July 9, 2012) (Rejecting petitioner's claim that his due process rights were violated when he was denied the opportunity to call a recreation supervisor as a witness at his disciplinary hearing because she had been terminated and was unavailable on the grounds that any allegedly excluded evidence would have been cumulative or irrelevant).

Further, given the statements of C/O Johnson-Robinson in the RVR that she found the contraband cell phone in petitioner's belongings and that he admitted at the time of its seizure that the cell phone was his, any error that may have resulted from petitioner's inability to obtain the

---

[2] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

13

testimony of C/O Castro would not have had a significant impact on the result reached at his disciplinary hearing.  See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (error deemed harmless on habeas review unless it had a "substantial and injurious" effect on the verdict).

Finally, the court finds that there was "some evidence" supporting the hearing officer's finding that petitioner committed the prison rules violation with which he was charged. Specifically, the statements of C/O Johnson-Robinson in her RVR that she found a cellphone hidden in a cut out stack of inmate appeal forms within petitioner's personal property and that he admitted the cellphone was his at that time, constitutes "some evidence" to support the hearing officer's finding that petitioner was guilty of possession of a cellphone.  Petitioner argues that Johnson-Robinson's statements in the RVR are not credible and denies that he told her the cell phone was his.  (ECF No. 2 at 3.)  However, as noted above, in reviewing petitioner's due process claim this court must accept the hearing officer's assessment of the credibility of witnesses and may not make its own assessment or re-weigh the evidence.  Hill, 472 U.S. at 455.  Correctional Officer Johnson-Robinson's statements, standing alone, were sufficient to support petitioner's disciplinary conviction for possession of a contraband cellular phone.    See Ruelas v. Zuercher, No. 07-1140, 2007 WL 1991166, *2 (10th Cir. July 11, 2007) (incident report supported the disciplinary hearing officer's finding of guilt and due process requirements were thus satisfied); Rhatigan v. Ward, No. 05-6388, 2006 WL 1851222, *2 (10th Cir. July 6, 2006) (investigating officer's report constituted "some evidence" to support a disciplinary conviction for possession of contraband); Ellington v. Salinas Valley State Prison, No. CV 13-1602 ABC (AN), 2013 WL 1498913, at *3 (C.D. Cal. Mar. 15, 2013) ("[T]he RVR overwhelmingly establishes the SHO's findings were supported by 'some evidence in the record.'"); Dunn v. Swarthout, 2:11-cv-2731 JAM GGH P, 2013 WL 876410, at *8 (E.D. Cal. May 7, 2013) ("Furthermore, some evidence is supplied by the RVR which refers to the CDCR 115 wherein petitioner admitted to being in a physical altercation with his cellmate[.]")

Petitioner has also failed to demonstrate that prison authorities violated his right to due process in failing to produce the seized cell phone or a photograph thereof at his disciplinary hearing.  Production of the actual evidence found in petitioner's belongings is not required under

the Due Process Clause.  See Mancilla v. Biter, No. 1:13-dv-01724-BAM-HC, 2013 WL 6070417, at *6 (E.D. Cal. Nov. 18, 2013) ("there is no legal requirement under federal law that the prison authorities produce any specific evidence" at a prison disciplinary hearing); Crismond v. Sandon, No. CV 12-3572-ODW (VBK), 2013 WL 1759924, at * 7 (C.D. Cal. Mar. 26, 2013) ("The Supreme Court has never recognized a due process right to the preservation and testing of physical evidence in the prison disciplinary context."); White v. Superintendent, No. 3:13 CV 300, 2013 WL 6512671, at *3 (N.D. Ind. Dec. 11, 2013) ("The hearing officer was not required to produce physical evidence to support the charge . . . .").

For the foregoing reasons, petitioner was afforded all the process that was due him under the Constitution in the context of his prison disciplinary proceeding.  Accordingly, he is not entitled to federal habeas relief with respect to his due process claims.

**B. Failure to Process Administrative Appeal**

Petitioner also claims that prison officials violated his "1st and 14th Amendment rights" by "refusing to process" his administrative appeal.  (ECF No. 2 at 1, 4-5.)  These allegations fail to state a cognizable federal habeas claim because they involve alleged error in the application of state law or prison regulations.

As noted above, the federal writ is not available for alleged error in the application of state law, and habeas corpus cannot be utilized in federal court to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).  "A mere error of state law . . . is not a denial of due process."  Rivera v. Illinois, 556 U.S. 148, 158 (2009) (quoting Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982) and Estelle, 502 U.S. at 67, 72-73).  Further, a habeas petitioner may not "transform a state-law issue into a federal one" merely by asserting a violation of the federal constitution. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997).  Rather, petitioner must show that the decision of the state courts somehow "violated the Constitution, laws, or treaties of the United States."  Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting Estelle, 502 U.S. at 68).

Therefore, petitioner is not entitled to federal habeas relief on his claim that prison officials violated state law or procedures in failing to process his administrative appeal from his

disciplinary conviction.  There is no evidence before the court that petitioner's federal constitutional rights were violated in connection with his administrative appeal.

**IV.  Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  May 7, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
Napier1521.hc